628-11900

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 22 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

CV 11 - 2995

of

ENKO TRANSPORTATION, LLC, as bareboat charterer and/or owner *pro hac vice* of TUG JENNY ANNE FOR EXONERATION FROM OR LIMITATION OF LIABILITY,

Petitioner.

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

FEUERSTEIN

NO SUMMONS ISSUED

BOYLE M.J.

Petitioner, ENKO TRANSPORTATION LLC (hereinafter "Petitioner"), by its attorneys RUBIN, FIORELLA & FRIEDMAN LLP., for its Complaint seeking Exoneration from or Limitation of Liability, alleges, upon information and belief, as follows:

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as hereinafter more fully appears.

2. Petitioner was a foreign Limited Liability Corporation organized under the laws of the State of New Jersey and, at all material times, was licensed to do business in New York. It's principle place of business was located at 70 Hudson Street, Suite 4A, Hoboken, New Jersey 07030. At all relevant times, it was the bareboat charterer and/or owner *pro hac vice* of a 1968 47' tug boat named "JENNY ANNE" (hereinafter referred to as the "Tug").

3. On or about November 5, 2008, the Tug was transiting the navigable waters of

Manhasset Bay, Nassau County, State of New York, when a barge in-tow filled with water and sank. The barge was owned by Ocean Marine Development Corporation ("Ocean").

4. The incident was not due to any fault, neglect, or want of care on the part of Petitioner, or the Tug, and occurred without Petitioner's privity or knowledge.

5. American Bankers Insurance Company a/s/o of Ocean Marine Development Corp., and Ocean Marine Development Corp., commenced an action against Enko Transportation, LLC et al., seeking money damages for damage to the barge and equipment stored on the barge in The Supreme Court of New York, Nassau County, bearing Index Number 38385/2011. Upon information and belief, damages exceed Petitioner's interest in the Tug.

7. On the date of the incident, the Tug's post-casualty value was determined to be $360,000 (**EXHIBIT A**, Claudio Crivici, marine surveyor, Castlerock Risk Servcies, LLC.)

8. Petitioner pursuant to Supplementary Rules F of the Federal Rules of Civil Procedure, offers an *Ad Interim* Security in the amount of $360,000, as security, said amount being not less than the value of Petitioner's interest in the Tug at the time of the incident; there being no pending freight. (**EXHIBIT B**, *Ad Interim* Security).

9. Venue in this district is proper per Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure because claimants have commenced suit in The Supreme Court of the State of New York, County of Nassau, which is within this District.

10. Petitioner is entitled to exoneration from liability for any alleged damage sustained by American Bankers Insurance Company and Ocean Marine Development Corp., from the incident, and from any and all claims for damages that have been or may hereafter be made, and Petitioner alleges that it has valid defenses thereto on the facts and law.

11. Petitioner claims, in the alternative, the benefit of limitation of liability provided by 46 U.S.C. § 30501 *et. seq.* and the various statutes supplementary thereto and amendatory thereof, and Petitioner is ready to provide security in the form of an *Ad Interim* Security of its interest in the Tug with sufficient surety ("*Ad Interim* Security") for the payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioner prays:

(1) That this Court adjudge that Petitioner is not liable for any loss or damage arising out of the incident; or,

(2) If Petitioner shall be adjudged liable, that such liability be limited to the value of its interest in the Tug in the maximum amount of $360,000, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(3) That this Court issue an Order:

(a) Directing the issuance of Notice to all persons asserting claims with respect to the incident which this Complaint seeks exoneration from or limitation of liability admonishing such persons to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be determined in

the Notice.

(b) Directing Petitioner to file as security, an *Ad Interim* Security, for the payment into Court for the benefit of claimants, the value of Petitioner's interest in the Tug as of the date of the incident, with interest at the rate of 6% per annum from the date of said security or whenever the Court shall so order.

(c) Directing that upon Petitioner's filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, its representatives, insurers, and the Tug, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(3) That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: June 22, 2011
New York, New York

>                          RUBIN, FIORELLA & FRIEDMAN LLP
>                          Attorneys for Petitioner
>                          *Enko Transportation, LLC*
>
>                          By: _____
>                          James E. Mercante, Esq.
>                          Keith A. Brady, Esq.
>                          292 Madison Avenue
>                          New York, New York 10017
>                          Tel: (212) 953-2381
>                          Jmercante@rubinfiorella.com
>                          Kbrady@rubinfiorella.com

Exhibit A



**CASTLEROCK RISK SERVICES, LLC.**

85 BROADWAY, SUITE B
AMITYVILLE NY, 11701
Phone (631) 691-7005
Fax (631) 691-7006

NAMS-CMS

*Claudio N. Crivici,*

*President*

*Website: www.castlerockrisk.com*
*Email: claudio@castlerockrisk.com*
*New England - Phone (802) 226-7025*

June 17, 2011

To Whom It May Concern:

I, Claudio Crivici, am certified member # 132-627 of the National Association of Marine Surveyors and an Appraiser having offices located at 85 Broadway, Amityville, NY 11701.

I also state that I have appraised the m/v "Jenny Anne" having official # 514638 and Enko Transportation LLC as the ~~bareboat Charterer~~ at the time of the appraisal. Our office inspected the Jenny Anne on numerous occasions with our last survey performed on November 5, 2008. Our appraisal was performed in conformity with the Uniform Standards of Professional Appraisal practice.

DESCRIPTION: "Jenny Anne" is an all welded steel model bow twin engine tug boat built by Houma shipbuilding as hull number 22 in 1968. She is powered by twin Cummins 855 cubic inch turbo diesel engines with each developing approximately 500 HP each/1000 in total. Her registered dimensions are 47'*18'*7' and 35 net tons.

Based upon my knowledge of the fair market value for vessels of similar construction, configuration, condition and characteristics as the "Flagship IV" and the propulsion, I value the vessel on or about November 5, 2008 at $360,000 (Three Hundred and Sixty Thousand Dollars).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2011



Claudio Crivici, NAMS, CMS
Marine Surveyor

**Exhibit B**

625-11900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

of

ENKO TRANSPORATION, LLC., the
bareboat charterer and/or owner *pro hac vic*
of Tug JENNY ANNE FOR EXONERATION
FROM OR LIMITATION OF LIABILITY,

Petitioner.

Civil Action No.:  CV

*AD INTERIM* SECURITY

**WHEREAS,** Petitioner ENKO TRANSPORTATION, LLC, the bareboat charterer and/or owner *pro hac vice* of a 1968 47' motor vessel TUG JENNY ANNE (hereinafter the "Tug") is instituting a proceeding in this Court for Exoneration from or Limitation of Liability in respect to the losses, damages, injuries, and/or expense claims asserted or to be asserted in connection with the sinking of a barge on the navigable waters of Manhasset Bay, Nassau County, New York, on November 8, 2008, and;

**WHEREAS,** a result of the aforesaid sinking and resulting damages and expenses, which are more fully set forth in the Complaint filed herein, and

**WHEREAS,** Petitioner wishes to provide this *Ad Interim* Security in the amount of the post-casualty value of the Tug as security for any and all claims arising from the incident.

**WHEREAS,** the value of Petitioner's interest in the Tug described above has been fixed at $360,000 as appears in Exhibit A to the Complaint herein;

**NOW, THEREFORE,** in consideration of the premises, RLI INSURANCE COMPANY (hereinafter "RLI"), issuer of a Marine Insurance Policy pertaining to the

subject Tug, having an office and place of business at 1384 Broadway, 21st Fl., New York, New York 10018, hereby provides security in the sum of $360,000 with interest thereon at the rate of 6% per annum from the date hereof. If this security is contested, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the court to appraise the post-casualty value of the Vessel, RLI, will file in this proceeding a *revised Ad Interim* Security conforming to such appraised value up to the hull insurance limits of liability in its Marine Insurance Policy and in the interim, this *Ad Interim* Security shall stand as security for all Claims filed in said limitation proceeding;

**FURTHERMORE**, solely for the limited purposes of any suit based upon this *Ad Interim* Security, RLI, Insurance Company hereby submits itself to the jurisdiction of this Court and designates, James E. Mercante, Esq., Rubin, Fiorella & Friedman, LLP, 292 Madison Avenue, New York, New York 10017, its agents for service of process, and RLI agrees, together with the Petitioner, to pay the amount awarded by the final decree rendered by this Court, or an Appellate Court if an appeal intervenes, up to the principal amount of this Security, with interest as aforesaid, unless the post-casualty value of the Tug shall have been paid into Court or a bond or *revised Ad Interim* Security thereof shall have been given as aforesaid, in which event this Security shall be void.

**FURTHERMORE**, it is understood and agreed that the execution of this *Ad Interim* Security by the undersigned on behalf of the Tug's insurer shall not be construed as binding on the undersigned but is to be binding only upon the insurer, RLI Insurance Company.

Dated: June 21, 2011

RLI INSURANCE COMPANY

_____
Jacqueline Jane-Creagh
Marine Claim Analyst
RLI INSURANCE COMPANY

STATE OF        )
                ) ss.:
COUNTY OF       )

On this 21st day of June, 2011, before me personally came Jacqueline Jane-Creagh, being by me duly sworn, did depose and say that she is a Marine Claim analyst for RLI Insurance Company, the corporation described and which executed the foregoing *Ad Interim* Security, and that she executed same pursuant to her powers and duties.

Sworn to before me this
21 day of June 2011

_____
Notary Public

VICTOR PAUL CORSO
Notary Public, State of New York
No. 02CO4964194
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires November 29, 2013