CV 11 - 2995

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 22 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

of

ENKO TRANSPORTATION, LLC., bareboat charterer and/or owner *pro hac vice* of Tug JENNY ANNE FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner.

Civil Docket No.: cv

**ORDER RESTRAINING SUITS APPROVING PETITIONER'S** *AD INTERIM SECURITY*, **AND DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS**

FEUERSTEIN, J.

BOYLE M.J.

A Complaint having been filed herein on June 21, 2011, by the above-named Petitioner as bareboat charterer and/or owner *pro hac vice* of a 1968 47' motor vessel Tug JENNY ANNE (hereinafter the "Tug"), for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. § 30501 *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure concerning any loss, damage, expense or injury alleged by American Bankers Insurance Company a/s/o Ocean Marine Development Corp. ("American Bankers"), and Ocean Marine Development Corp.("Ocean"), and others arising from the sinking of a barge owned by Ocean and insured by American Bankers, while under tow by the Tug on the navigable waters of Manhasset Bay, Nassau County, New York, as more fully described in the Complaint;

**AND** the Complaint having stated that the value of the Petitioner's interest in the Tug did not exceed the sum of $360,000 on the date of the incident;

**AND** the Petitioner has filed with the Court security for the benefit of claimants, pursuant to an *Ad Interim* Security dated June 21, 2011 with surety, equal to the amount or value of

Petitioner's interest in the Tug, with interest at six percent (6%) per annum from the date hereof, executed by RLI INSURANCE COMPAY as surety:

**NOW,** on motion of RUBIN, FIORELLA & FRIEDMAN LLP, attorneys for Petitioner, it is

**ORDERED** that the above-described *Ad Interim* Security, in the sum of $360,000 with interest as aforesaid filed by the Petitioner for the benefit of claimants as security for the Petitioner's interest in the Tug, be and is hereby approved, and

**IT IS FURTHER ORDERED** that the Court, upon motion, shall cause appraisement of the value of the Tug and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive, and

**IT IS FURTHER ORDERED** that any claimant in these proceedings may express, upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with RLI INSURANCE COMPANY, as surety. In the event of such notice, Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) of the Federal Rules of Civil Procedure and satisfactory to this Court, failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require, and

**IT IS FURTHER ORDERED** that a **Notice shall be issued by the Clerk of this Court** to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof, **on or before the ____ day**

**of** _____ **2011,** or be defaulted; that if any claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such claimant shall file and serve on the attorneys for the Petitioner an Answer to the Complaint on or before the said date, unless the Claim has included an Answer to the Complaint, so designated, or be defaulted, and

**IT IS FURTHER ORDERED** that **Petitioner shall publish Notice** in *NEWSDAY*, a newspaper with a general circulation including Nassau and Suffolk Counties, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Admiralty Rule "F" and copies of said Notice shall be mailed by Petitioner in accordance with the rule to every person known to have any claim against the vessel or Petitioner, or to its attorney, and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioner, the Tug and insurer; the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid incident alleged in the Complaint, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action, and all warrants of arrest and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest and/or attachment are hereby prohibited, and

**IT IS FURTHER ORDERED** that service of this Order as a restraining order be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys.

Dated: Central Islip, New York
      June   , 2011

_____
U.S.D.J.